UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL PARE, as Trustee of the Springer Farm Trust, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION<br>)<br>) NO. 14-40078-TSH |
| NORTHBOROUGH CAPITAL PARTNERS, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS (Docket No. 12)

**February 27, 2015**

HILLMAN, D.J.

Plaintiff Michael Pare ("Pare") brings this action as Trustee of the Springer Farms Trust against commercial lender Northborough Capital Partners, LLC ("NCP"), seeking damages for unfair and deceptive business practices under the Massachusetts Consumer Protection Act, M.G.L. c. 93A. Pare alleges that NCP intentionally failed to discharge the Springer Farm Trust's mortgage, and misappropriated funds belonging to the Trust. NCP has moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that Pare cannot obtain relief under 93A because the statute limits recovery to injuries caused by deceptive acts in trade or commerce "directly or indirectly affecting the people of [Massachusetts]." M.G.L. c. 93A § 1(b).

Chapter 93A makes unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." *See* M.G.L. c. 93A § 2(a). The statute "creates two causes of action, one for persons engaged in trade or commerce, *see* M.G.L. c. 93A § 11, and another for all other

1

persons, *see id.* § 9." *Daley v. Twin Disc, Inc.*, 440 F. Supp. 2d 48, 52 (D. Mass. 2006) (citing *Boos v. Abbott Laboratories*, 925 F. Supp. 49, 55 (D. Mass. 1996)) (internal quotations omitted). The two sections impose differing requirements on plaintiffs. Unlike actions under § 9, an action brought under § 11 must allege unfair practices that occur "primarily and substantially within the Commonwealth." M.G.L. c. 93A §§ 9, 11. Plaintiffs under § 9 must send a demand letter thirty days prior to bringing an action, a requirement not contained in § 11. *See* M.G.L. c. 93A §§ 9(3); *Nader v. Citron*, 372 Mass. 96, 99-101, 360 N.E.2d 870 (1977).

The complaint contains sufficient factual detail to state that NCP engaged in unfair and deceptive practices, and that the conduct affected the people of Massachusetts.[1] However, it does not specify whether Pare brings this claim under § 9 or § 11 of 93A, and the briefs and arguments of both parties fail to clarify the issue. The fact that Pare sent a demand letter more than 30 days prior to filing this action, as well as counsel's statements at oral argument regarding the nature and purpose of the trust, suggest that it is brought under § 9. On the other hand, the commercial nature of the loan and the general treatment of trusts under New Hampshire law suggest a business-to-business transaction covered by § 11. If this is a § 11 action, the locations of the plaintiff's injury and the defendant's conduct are relevant, but the complaint lacks concrete descriptions of where the injury and conduct at issue occurred. Given the vague and ambiguous nature of the complaint in this regard, the Court will treat NCP's motion as one for a more definite statement under Fed. R. Civ. P. 8(e).

---

[1] The complaint alleges that NCP intentionally deprived the Springer Farm Trust of $76,263.46 in insurance proceeds. It further alleges that the trustee and eleven beneficiaries of the Springer Farm Trust are residents of Massachusetts, and that the beneficiaries of the trust ultimately bear any loss sustained by the trust. *See* Pl.'s First Am. Compl. ¶¶ 1, 3, 29, 30.

## **ORDER**

Plaintiff shall, within fourteen days, file an amended complaint that provides a more definite statement of his claims under § 9 and/or § 11 of M.G.L. c. 93A. Defendant's motion to dismiss (Docket No. 12) is denied without prejudice.

SO ORDERED.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE