**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **MICHAEL PARE, as Trustee of the Springer Farm Trust; Michael Pare, individually; Diane Pare; Janice Pare; Christopher Pare; Lucas Pare; Michael Iudiciani; Elena Iudiciani; Nicholas Iudiciani; Lisa Iudiciani; and Diane Pare, as Custodian for two minor Children,** ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, ) ) | **CIVIL ACTION** |
| v. ) ) | **NO. 4:14-cv-40078-TSH** |
| **NORTHBOROUGH CAPITAL PARTNERS, LLC,** ) ) ) |  |
| Defendant. ) ) |  |

**ORDER AND MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT (Docket No. 31)**

**September 24, 2015**

**HILLMAN, D.J.**

Pending before this Court is Defendant's motion to dismiss Plaintiffs' third amended complaint, on the ground that it fails to state a claim upon which relief can be granted. For the reasons set forth below, Defendant's motion is ***granted***.

**Background**

The following facts are from Plaintiffs' third amended complaint and taken as true for the purposes of this motion. Michael Pare is the Trustee of the Springer Farm Trust (the Trust), which was organized under the laws of New Hampshire to hold title to New Hampshire real estate.

1

Michael Pare is also a beneficiary of the Trust, as are the other nine plaintiffs. The Defendant, Northborough Capital Partners, LLC (NCP), is a Rhode Island limited liability company that conducts business as a mortgage lender in Massachusetts.

In November of 2008, Pare, as Trustee of the Trust, borrowed $165,000 from NCP in order to purchase real property in Colebrook, New Hampshire (the NH Property). The loan was secured by a mortgage on the NH Property. In April of 2013, a fire destroyed the home located on the NH Property. The loss was covered by insurance, the proceeds from which were distributed in two separate checks. The first check, in the amount of $165,000, was dated May 30, 2013 and was made payable to both the Trust and NCP. Pare forwarded this check to NCP on June 3, 2013, and NCP negotiated the check in full satisfaction of the note secured by the mortgage on the NH Property. Pare requested that NCP discharge the mortgage and forward the paperwork to prove that the note had been satisfied. On October 25, 2013, approximately four months after the note had been satisfied, NCP forwarded the discharge paperwork to Pare.

At some point before October 25, 2013, a second insurance check representing the balance of the loss in the amount of $76,263.46 was issued. This check also listed both the Trust and NCP as payees. Pare endorsed this check and sent it to NCP. NCP endorsed the check and applied the funds to an outstanding loan balance owed to it by French River Enterprises, LLC (FRE). FRE is an LLC, organized under the laws of Massachusetts, of which Pare is also a member and manager. In December of 2008, Pare, on behalf of FRE, had entered into a Term Loan Agreement and had executed and delivered a Commercial Mortgage Term Promissory Note to NCP. This note was secured by a mortgage on property located in Ware, Massachusetts (the MA Property). The loan agreements and promissory notes relating to the NH Property and the MA Property did not contain cross-collateralization clauses.

Pare brought the instant action against NCP, seeking to recoup the second insurance check on behalf of the Trust, which litigation ultimately resulted in the filing of Plaintiffs' third amended complaint (the complaint) with this Court. The complaint contains three counts: (1) conversion; (2) Mass. Gen. Laws ch. 93A, § 9; and (3) Mass. Gen. Laws ch. 93A, § 11. NCP has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

## Discussion

### *Standard of Review*

To survive a 12(b)(6) motion to dismiss, a complaint must evince the requisite factual detail to establish a *plausible* claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). The court may consider "only facts and documents that are part of or incorporated into the complaint." *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). "Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6)." *Id.* (quoting Fed. R. Civ. P. 10(c)).

Dismissal is appropriate if the plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

*Count 1: Conversion*

NCP argues that Plaintiffs have failed to plead sufficient facts to sustain a claim of conversion. The tort of conversion consists of wrongfully exercising dominion or control over the personal property of another. *In re Brauer*, 890 N.E.2d 847, 857 (Mass. 2008); *In re Hilson*, 863 N.E.2d 483, 491 (Mass. 2007). Money may be the subject of conversion. *In re Hilson*, 863 N.E.2d at 491.

Plaintiffs allege in their complaint that NCP failed to timely discharge the mortgage of the NH Property after receiving the first insurance check. Because NCP was still listed as a mortgagee when the second insurance check was dispersed, that check was made payable to both the Trust and NCP. Plaintiffs further allege that "NCP did not return the second check to [Pare]," and that "NCP negotiated the second check and applied the funds" to the outstanding loan balance owed by FRE relating to the MA Property. (Docket No. 26 at ¶¶ 30, 31.) Plaintiffs assert that NCP's failure to return the proceeds of the second insurance check to the Trust resulted in a conversion of the proceeds.

4

The exhibits attached to the complaint undercut any plausible claim of conversion and suggest that Pare agreed, on behalf of FRE, to the application of the funds to FRE's loan. Attached as an exhibit to plaintiffs' complaint is a document titled "Sixth Amendment and Note Modification Agreement." (Docket No. 26-1 at 5.) This document shows that FRE agreed to a loan payment of $75,292.07, and that this payment was titled "Insurance proceeds." (Docket No. 26-1 at 7, 19.) This document bears the signatures of Diane Pare (Michael Pare's wife), as manager of FRE, and Michael Pare, as guarantor. As set forth in the complaint, Michael Pare is also a member and manager of FRE. Also attached to Plaintiffs' complaint is a document evincing the "Unanimous Written Consent of Members and Managers" of FRE to authorize a "certain amendment transaction regarding a certain loan made by [NCP] . . . ." (Docket No. 26-1 at 20.) This consent form is signed by Michael Pare and dated August 19, 2013. (Docket No. 26-1 at 21.)

Accepting all factual allegations in the complaint and exhibits as true, and drawing all reasonable inferences in Plaintiffs' favor, I remain unable to conceive a plausible claim of conversion. *See Langadinos*, 199 F.3d at 68. The facts as pleaded lead to only one reasonable inference; that Pare, on behalf of FRE, directed NCP to apply the insurance funds to FRE's loan or, at the very least, consented to such a transaction.[1]

---

[1] Along with their memorandum in opposition to NCP's motion to dismiss, Plaintiffs submitted an Affidavit of Michael Pare, in which Pare stated that NCP "induced" him to sign the agreement whereby the funds from the second insurance check would be applied to FRE's loan. (Docket No. 34-1 at ¶ 14.) Pare further alleged in this affidavit that he agreed to NCP's terms "only because [he] was under duress." (Docket No. 34-1 at ¶ 19.) This affidavit was not attached to Plaintiffs' complaint, nor does the complaint contain any allegations of duress or undue influence. Accordingly, my decision to grant NCP's motion to dismiss is based solely on Plaintiffs' complaint and the exhibits attached thereto. *See Trans-Spec Truck Serv., Inc.*, 524 F.3d at 321.

*Counts 2 and 3: Mass. Gen. Laws ch. 93A, §§ 9, 11*

Regarding Plaintiffs' claims brought under the Massachusetts Consumer Protection Law, Mass. Gen. Laws ch. 93A, §§ 9, 11, NCP makes two principal arguments. First, regarding the claim brought under section 9 of chapter 93A, NCP argues that the trust-beneficiary plaintiffs do not have standing to sue for third-party injuries to the Trust property; only the trustee may bring such actions.[2] Regarding the claim brought under section 11 of chapter 93A, NCP asserts that the alleged unfair or deceptive acts or practices in this case did not occur primarily and substantially within Massachusetts.

I need not reach either of NCP's arguments regarding counts 2 and 3 because, as explained above, Plaintiffs have failed to plead allegations of wrongdoing on the part of NCP. Because there are no plausible allegations of wrongdoing, the facts as alleged in Plaintiffs' complaint and exhibits do not state a claim for relief under chapter 93A.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' third amended complaint is ***granted***, and all counts are hereby dismissed.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[2] NCP also asserts this argument with regard to the claim of conversion.